```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

LUTHER J. COBURN,                 )
                                  )
               Plaintiff,         )
                                  )
     v.                           )    No.  11 C 8308
                                  )
LAND & LAKES, RIVER BEND          )
PRAIRIE RECYCLING & TRANSFER      )
FACILITY,                         )
                                  )
               Defendant.         )
```

MEMORANDUM ORDER

Luther Coburn ("Coburn") has employed the form of Complaint of Employment Discrimination provided by this District Court's Clerk's Office for use by pro se plaintiffs to charge his ex-employer Land and Lakes Company, River Bend Prairie Recycling & Transfer Facility ("Land and Lakes") with discrimination based on his race (black), age (61 years) and disability (unidentified) and with having retaliated against him.  Coburn has accompanied his Complaint with two other Clerk's-Office-supplied forms:  an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion").

Although Coburn would appear to qualify for in forma pauperis status from a purely financial perspective, our Court of Appeals teaches that he must also demonstrate the existence of a claim that is nonfrivolous (in the legal sense of that term).  It is that last hurdle that Coburn has failed to surmount.

Complaint ¶5 alleges that Land and Lakes' claimed

discrimination against Coburn began about May 1, 2010, while Coburn's attached Charge of Discrimination (which jibes with his answer to Application ¶2.b) states that his employment ended in December 2010. That same Charge of Discrimination is dated, and is stamped as having been received by EEOC, on October 31, 2011 (that tracks with the date that Coburn filled in at Complaint ¶7.1(a)(ii)[1]). And the Charge of Discrimination specified December 31, 2010 as the latest date on which the alleged discrimination took place.

All of that being the case, Coburn's obvious problem is that he did not institute his administrative Charge of Discrimination until 304 days after the final adverse employment action taken by Land and Lakes[2]--four days after expiration of the 300-day timetable applicable to all such claims. It is true that the 300-day deadline is not viewed as jurisdictional by a majority of the courts that have considered the issue--but this Court is entitled to consider the great unlikelihood that any employer such as Land and Lakes would be willing to forgo that ground for the dismissal of a plaintiff's case. That then would render the

---

[1] Just above that last date Coburn's handwritten insert at Complaint ¶7.1(a)(i) refers to his filing with EEOC as "on or about Oct. 31, 2010," but that is obviously a typographical error in light of the already-mentioned October 31, 2011 date stamp placed by EEOC itself on the Charge of Discrimination.

[2] That 304-day calculation represents the time span between December 31, 2010 and the October 31, 2011 filing date of the Charge of Discrimination.

2

clearly time-barred claim legally frivolous.  And that being so, the Application must be denied.

This Court will not however dismiss this action, because (as stated in the preceding paragraph) most caselaw perceives that time limit as nonjurisdictional.  Accordingly if Coburn were to pay the $350 filing fee on or before December 19, 2011, he could go forward with this case in the first instance.[3]

_____
Milton I. Shadur
Senior United States District Judge

Date:  November 28, 2011

---

[3] Coburn should understand, however, that this Court would be obligated to deal with any motion to dismiss that Land and Lakes might file based on untimeliness grounds.  If such a dismissal were to be granted, the expensive filing fee would be lost by Coburn.

3